UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEEANN BENTLEY,

                Plaintiff,

vs.                                      Case No.  8:13-cv-790-T-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____/

**OPINION AND ORDER**[1]

**I. Status**

Leeann Bentley ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's final decision denying her claims for disability insurance benefits ("DIB")

and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of

injuries to her "[l]ower and upper back," "scoliosis," and "[s]ix herniated disks[,]" as well as

"depression, anxiety," "[p]anic attacks," "[h]igh blood pressure," and "[h]igh cholesterol[.]"

Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"),

filed June 24, 2013, at 47-48 (formatting omitted); see also Tr. at 57-58, 69, 80, 197. On

August 25, 2011, Plaintiff filed applications for DIB and SSI, alleging a disability onset date

of October 4, 2008. Tr. at 167-73, 174-80. Plaintiff later amended her alleged onset

disability date to August 9, 2010. Tr. at 27. Plaintiff's applications were denied initially, see

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate
Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 13), filed
June 24, 2013; Reference Order (Doc. No. 15), entered June 25, 2013.

Tr. at 45-46, 97-102, 103-09, and were denied upon reconsideration, see Tr. at 67-68, 91-92, 112-17, 118-23.

An Administrative Law Judge ("ALJ") held a hearing on August 20, 2012, during which Plaintiff, who was represented by a non-attorney representative,[2] and a vocational expert testified.  Tr. at 25-44.  On October 12, 2012, the ALJ issued a written Decision finding Plaintiff not disabled through the date of the Decision.  Tr. at 12-19.  Plaintiff then submitted additional evidence in the form of a brief to the Appeals Council. Tr. at 4-5, 296-98.  On February 6, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  Plaintiff commenced this action on March 27, 2013 under 42 U.S.C. § 405(g) and § 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

Plaintiff challenges the ALJ's Decision in two (2) ways.  See Plaintiff's Brief–Social Security (Doc. No. 17; "Pl.'s Br."), filed August 26, 2013, at 2.  Plaintiff contends first that the ALJ erred at step two of the sequential evaluation process by determining that she does not have a severe mental impairment, and second that the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC") by failing to properly account for all of Plaintiff's mental and physical limitations.  Pl.'s Br. at 2, 4-17.  Defendant on November 18, 2013 filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") responding to Plaintiff's arguments.  After a thorough review of the entire record and

---

[2]     The transcript of the hearing refers to Plaintiff's representative as "attorney" and "counsel," Tr. at 25, 27, but it appears Plaintiff's representative was not an attorney, Tr. at 126, 197, 241, 252, 261.  In Plaintiff's appeal to this Court, she is represented by counsel.

consideration of the parties' respective memoranda, the Commissioner's final decision is

due to be affirmed for the reasons explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-

step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"),

determining as appropriate whether the claimant (1) is currently employed or engaging in

substantial gainful activity; (2) has a severe impairment; (3) has an impairment or

combination of impairments that meets or medically equals one listed in the Regulations;

(4) can perform past relevant work; and (5) retains the ability to perform any work in the

national economy.  20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d

1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step

four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S.

137, 146 n.5 (1987).

Here, the ALJ proceeded through step four of the five-step sequential inquiry, where

his inquiry ended based on his step four finding.  See Tr. at 14-18.  At step one, the ALJ

determined that Plaintiff "has not engaged in substantial gainful activity since October 4,

2008, the alleged onset date."  Tr. at 14 (emphasis and citation omitted).[4]  At step two, the

ALJ found Plaintiff suffers from "the following severe impairments: disorders of the spine

---

[3]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

[4]      The ALJ mistakenly referred to the original alleged onset date (October 4, 2008) rather than the amended alleged onset date (August 9, 2010).

-3-

with radiculopathy and obesity." Tr. at 14 (emphasis and citation omitted).  At step three,

the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments

that meets or medically equals the severity of one of the listed impairments in 20 CFR Part

404, Subpart P, Appendix 1." Tr. at 16 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

[Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except that there would be no climbing of ladder[s], ropes or scaffolding; no exposure to hazardous machinery or vibrating machinery; there would be no driving jobs; and jobs would be on flat level ground with no foot pedals.

Tr. at 16.  At step four, the ALJ found Plaintiff "is capable of performing past relevant work

as a housekeeper or a grocery store/retail sales clerk[.]" Tr. at 18 (emphasis and some

capitalization omitted).  The ALJ concluded, therefore, that Plaintiff "has not been under a

disability . . . from October 4, 2008, through the date of th[e D]ecision." Tr. at 19 (emphasis

and citation omitted).

## III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42

U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions

of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere

scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir.

2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial

evidence standard is met when there is "'such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff challenges the ALJ's Decision in two (2) ways.  Each argument is addressed in turn.

### A.  Step Two Findings

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id.  A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments").  Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months." Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141.  The Regulations provide six examples of "basic work activities": (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and unusual work situations; and (6) Dealing with changes in a routine work setting.  20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

With regard to mental limitations, an ALJ is required to rate degrees of limitation in four broad functional areas: "Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3). The Regulations provide, "If we rate the degree of your limitation in the first three functional areas as 'none' or 'mild' and 'none' in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than

a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1);

see also 20 C.F.R. § 404.1521.

The ALJ adequately elaborated on his finding at step two that Plaintiff's mental

disorders are not severe. See Tr. at 15-16. According to the ALJ:

> [Plaintiff's] mental health treatment has been largely limited to medication management from the nurse practitioners of Directions for Mental Health, with few, if any, recommendations that [Plaintiff] seek treatment from a psychologist or psychiatrist. These treating sources often observed [Plaintiff] to have a euthymic mood, appropriate affect, logical and organized thought processes and intact cognitive functioning. In addition, Dr. Daniel Van Ingen, a consultative examiner, opined that [Plaintiff] could understand and follow simple instructions, perform tasks independently and relate adequately with others. The opinion of Dr. Van Ingen is given great weight, and it is consistent with a conclusion that [Plaintiff's] mental impairments were nonsevere. Dr. Wendy Silver and Dr. John Thibodeau, reviewing sources, also opined that [Plaintiff's] impairments were nonsevere.

Tr. at 15 (citations omitted).

As far as the four broad functional areas for evaluating mental disorders, the ALJ

found as follows. Plaintiff has mild limitation in activities of daily living; Plaintiff has mild

limitation in social functioning; Plaintiff has mild limitation in concentration, persistence, or

pace; and Plaintiff has experienced no episodes of decompensation of extended duration.

Tr. at 15. The ALJ observed that Plaintiff reported to Dr. Van Ingen being "independent in

her personal care," including "do[ing] laundry, cook[ing,] and clean[ing] as needed." Tr. at

15 (referring to Tr. at 392). Also, Plaintiff "reported [to Dr. Van Ingen] that she would

socialize with friends, and that she played games on her computer, and enjoyed gardening

and reading." Tr. at 15 (referring to Tr. at 392). As to the four functional areas, the ALJ

concluded, "These findings are consistent with the opinions of Dr. Van Ingen, Dr. Silver and

Dr. Thibodeau.  Their opinions are given great weight, as they are consistent with the record as a whole."  Tr. at 15.

Overall, the ALJ concluded that Plaintiff's mental impairments are not severe, "[b]ecause [Plaintiff]'s medically determinable mental impairments cause no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation which have been of extended duration in the fourth area[.]"  Tr. at 15-16.

In arguing that the ALJ improperly determined that her mental impairments are not severe, Plaintiff for the most part disagrees with the ALJ's interpretation of Dr. Van Ingen's findings.  See Pl.'s Br. at 5-8.  According to Plaintiff, even though the ALJ gave great weight to Dr. Van Ingen's opinion, the ALJ "ignored, without explanation, several of his findings that clearly demonstrate that [Plaintiff's mental impairments were severe."  Id. at 5-6.

Dr. Van Ingen examined Plaintiff and authored a report on October 7, 2011.  Tr. at 390-94.  The "medical source statement" in the report is as follows:

> Vocationally, [Plaintiff] appears to be capable of understanding and following simple instructions and directions.  She appears to be capable of performing simple tasks independently.  She appears to be capable of maintaining attention and concentration for simple tasks.  She appears to be capable of maintaining a regular schedule.  She seems able to learn new tasks at her level of intellectual functioning.  She appears to have a fair capability for making appropriate decisions.  She appears to have fair capability for relating adequately with others, but may have difficulty due to anxiety at times.  She appears to have difficulty dealing with daily routine stressors.

Tr. at 392-93.  The undersigned cannot say that the ALJ erred in determining that this medical source statement by Dr. Van Ingen supports a finding that Plaintiff's mental impairments are not severe.  And this statement is not the only evidence upon which the ALJ based his non-severe finding.  As previously summarized, in finding that Plaintiff has

-8-

mild limitations in the three functional areas and no episodes of extended decompensation, the ALJ relied upon 1) this statement; 2) identical findings of a non-examining psychiatrist, see Tr. at 51-52, 61-62 (duplicate); 3) identical findings of a non-examining psychologist, see Tr. at 75-76, 85-86 (duplicate); and 4) observations of Plaintiff's treating sources.[5] Having found mild limitations in the broad functional areas and no episodes of extended decompensation, the ALJ concluded under § 404.1520a(d)(1) and § 404.1521 that the impairments are not severe.  That conclusion is supported by substantial evidence.  See O'Bier v. Comm'r of Soc. Sec., 522 F. App'x 493, 493-94 (11th Cir. 2013) (finding supported by substantial evidence an ALJ's reliance on similar opinions of an examining psychiatrist and a non-examining state psychologist to conclude a mental impairment was not severe).[6]

## B.  RFC Determination

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant

---

[5]     The undersigned notes that while the ALJ for the most part accurately summarized the overall observations of treating sources, the ALJ's statement that Plaintiff often had a "euthymic mood," Tr. at 15, does not appear to be supported by the administrative transcript.  Instead, Plaintiff often presented with a depressed or anxious mood.  See Tr. at 462, 464, 466, 468, 473.  This one inaccurate statement does not significantly detract from the ALJ's other findings relating to the observations of Plaintiff's treating sources that are supported by substantial evidence.

[6]     Even if the omission of mental impairments at step two was in error, it is harmless if the ALJ considered the effects of the impairments at later steps.  See Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished); see also Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (unpublished) (stating that "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe") (emphasis added); Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) (recognizing that "the finding of any severe impairment . . . whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe" is sufficient to satisfy step two).

numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's

RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's

impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see

also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must

consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves

v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Plaintiff challenges the ALJ's RFC determination as it relates to both her mental

impairments and her physical impairments. Each is addressed in turn.

### 1. Mental Impairments

Plaintiff argues that even assuming the ALJ did not err in finding she suffers from

mild limitations in the three broad functional areas (which the undersigned has determined

was not in error), the ALJ erred in assessing her RFC because it does not include any

mental restrictions. Pl.'s Br. at 11-15. Defendant responds that the RFC finding is

supported by substantial evidence because Plaintiff's mental impairments do not carry any

more than a minimal effect on her ability to perform basic work activities. Def.'s Mem. at

10-11.

The ALJ recognized that his "mild" findings in the three broad functional areas "are

not a [RFC] assessment but are used to rate the severity of mental impairments at steps

2 and 3 of the sequential evaluation process." Tr. at 16. The ALJ then correctly stated that

the "mental [RFC] assessment at steps 4 and 5 of the sequential evaluation process

requires a more detailed assessment by itemizing various functions contained in the broad

categories found in paragraph B of the adult mental disorders listings in 12.00 of the Listing

-10-

of Impairments (SSR 96-8p)." Tr. at 16.  The ALJ concluded that the RFC "reflects the

degree of limitation [the ALJ] found in the 'paragraph B' mental function analysis."  Tr. at

16.  The RFC does not contain any mental limitations.  Tr. at 16.  When read together with

the ALJ's recognition that he had to consider the mental impairments at steps four and five,

however, the ALJ did not err in assessing Plaintiff's RFC.  Indeed, the ALJ considered

whether Plaintiff's non-severe mental impairments have any effect on her ability to perform

work; by electing not to include any mental restrictions in the RFC, he found they do not.

For largely the same reasons that the non-severe finding is supported by substantial

evidence, this finding is as well.

### 2. Physical Impairments

Plaintiff also challenges the ALJ's RFC determination as it relates to her physical

condition.  Pl.'s Br. at 15-17.  Plaintiff relies on her own reporting and testimony, as well as

evidence from treating sources, to contend that the ALJ erred in this regard.  Id.  Defendant

responds that the physical RFC determination is supported by substantial evidence, and

Plaintiff did not show at the administrative level that she had any physical limitations beyond

those assessed in the RFC.  Def.'s Mem. at 12-15.

The ALJ found that Plaintiff's testimony about the effects of her impairments was "not

entirely credible[.]"  Tr. at 17.  In so finding, the ALJ relied on Plaintiff's "routine and

conservative treatment history," her "unremarkable physical examinations," and her "self-

reported activities of daily living."  Tr. at 17.  Plaintiff does not expressly challenge the ALJ's

reliance on these things to discredit her testimony.  See Pl.'s Br. at 15-17.  Plaintiff points

to evidence of her physical impairments in the administrative transcript and some of their

-11-

effects, id. (citations omitted), but that evidence does not speak to her ability to perform work-related functions. Upon review of the entire administrative transcript, the undersigned finds that the ALJ's physical RFC determination is rational and supported by substantial evidence.

## V.  Conclusion

Upon due consideration, it is

**ORDERED:**

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's decision.

2.      The Clerk of Court is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on July 16, 2014.

James R. Klindt
**JAMES R. KLINDT**
United States Magistrate Judge

kaw

Copies to:

Counsel of Record

-12-